I'm having trouble hearing you, and also when there are papers being shuffled near, I think it makes it hard. So if I may, I just want to make sure I can hear any questions. Thank you, Your Honor. So this case has a very complicated procedural background, so if I can just start by explaining just a little bit what happened here. No, and your time is short, so I suggest you go ahead. Okay, thank you, Your Honor. So when we moved to reopen this case under Rule 60B, what the plaintiff was focused on was the fact that he had attempted to pursue an arbitration of his PAGA claim but was not able to do so in arbitration. That was the focus of our motion to reopen. It actually came as a surprise to plaintiffs when the district court declined to reopen the case based on the fact that the case had been dismissed to allow plaintiff to seek an appeal of the order compelling arbitration. The court, in denying the motion to reopen, didn't cite the Microsoft v. Baker case. The court just said, well, you decided to dismiss the case, so it's your own fault. I think that the court's pointing recently to the recent Henson case is really directly on point here, that Rule 60B is an appropriate way to reopen such a case. The plaintiff here relied on Ninth Circuit authority. What was the change in law that you think makes this like Henson? It seemed like your appeal was dismissed under settled law. I don't see what the change of law is. Well, I don't think the appeal was dismissed even under settled law. Under the Ninth Circuit precedent in the Interactive Flight Technologies case, 249 F-3rd 1177, and the Bloomingdale's case, 755 F-3rd 1072, and other more recent Ninth Circuit authority, a district court can dismiss a case where arbitration has been compelled, and that allows the plaintiffs to appeal. For reasons that are not entirely clear, the Ninth Circuit held that it didn't have jurisdiction. Well, because it was without prejudice, and Green Tree was with prejudice, and the Ninth Circuit's prior opinion says it is well established that Section 16B of the Federal Arbitration Act bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings, and then it goes on to say that the dismissal without prejudice isn't an appealable final judgment. So where is the change of law that you think makes this like the Henson case? Well, Your Honor, actually in the Interactive Flight Technologies case and the Bloomingdale's case, the dismissal was without prejudice. And so the Ninth Circuit rule was that a court can dismiss a case without prejudice to allow for an appeal of an order compelling arbitration. So did we get it wrong in the prior appeal? Is that essentially your argument, that the district court should reopen the judgment because the Ninth Circuit got it wrong? Well, the Ninth Circuit did get it wrong in not citing or grappling with either the Interactive Flight case or the Bloomingdale's case. Well, but that's law of the case. I mean, we can't review and you can't ask the district court to disobey the prior ruling in this case. So what the rule on the prior appeal of this case said was that it did not have jurisdiction to consider the case. That does not mean that the district court can't reopen the case when we go back down, and that's exactly what happened in the Henson case. In the Henson case, the plaintiffs tried to create appellate jurisdiction by getting a dismissal, and this court held that... It was an abuse of discretion, but first we allowed the district court to exercise its discretion. So wouldn't the appropriate position here be to remand for the district court to exercise its discretion under Henson? Yes, Your Honor. In fact, because the district court... We moved earlier for a reopening under 60B, and at the first time the district court said that... And the district court said, when I get your position back, then I can consider it. And then when this court dismissed the case, we understood that the district court then had jurisdiction. We went back and made our rule 60B, and much to our surprise, the district court said, no, I'm not going to reopen it because the case was dismissed, which puts us in this catch-22 of there's nowhere to go. Well, if your opponent says there is somewhere to go, you could have simply refiled the case. Well, in the Henson case, the plaintiffs weren't required to refile the case. It makes no sense why we would be required to refile the case. I was out of time. I was on the bench. I was out of time. But here it wouldn't have been. I'm sorry? Here it wouldn't have been all the time. Well, we would have lost years off of the statute of limitations. I wouldn't say we would have lost a couple months, but whatever. I mean, you could have refiled the case, right? Well, if we had done that, there's absolutely no reason we wouldn't have then just gone through the exact same sequence again that happened the first time. Well, that might be true, but there are procedural rules. Right, but I don't think there's anything, Your Honor, in the rules that require us to refile the case. If a case can be dismissed with prejudice, as happened in Henson, but then the plaintiffs are allowed to have it reinstated after it turns out they don't have appellate jurisdiction, it really makes no sense why a case that was dismissed without prejudice couldn't be reinstated under Rule 60B under the principle of Henson, and particularly because the Interactive Flight case... When you moved to dismiss the case without prejudice, did you specifically move under Rule 41 or what?  Well, we filed... No one was, frankly, really paying attention to whether it was with or without prejudice. We moved to dismiss so that we could appeal, and the Court agreed and granted that. And importantly, in a footnote in our motion, and I believe it's in the record, we said that we wanted to appeal the order-compelling arbitration of the Labor Code claims, but that we were willing to arbitrate the PAGA claims, which the District Court had suggested could be arbitrable, and that would be left to the arbitrator. We then went to arbitration, tried to arbitrate the PAGA claims, but couldn't even get our foot in the door because the plaintiff would have tried to set up arbitration. Why didn't you ask the Arbitration Association for a fee waiver? We did. We did. We asked them for that. We submitted a sworn statement from the plaintiff that his and his wife's monthly income was $2,100 a month. The typical filing fee for such cases, as we learned from an identically situated plaintiff, was $4,000, plus the AAA was saying that they wouldn't start the case, even to get an arbitrator to decide whether the arbitration clause was enforceable, until we put up arbitration deposits, which would have been in the thousands of dollars. Did you ask for a waiver of the deposit requirement? We asked for a waiver of the plaintiff from having to pay anything other than the filing fee he would have had to pay in court. And that was rejected? Right. Well, at first I think it was accepted, but then Coverall made such a big point to the AAA that the plaintiff would have to split the fees that the AAA backed down and said that it wouldn't open the case until both sides made these deposits. We said that the plaintiff wasn't able to afford that, and then the AAA closed the case. Could you develop the point that you make in your reply brief, that you could have filed a petition under 28 U.S.C. section 1292B? So, we understood when this court earlier said the way to get appellate jurisdiction is to ask for certification under 1292, we understood then that we could go back to the district court and ask for the 1292 certification. Essentially, we feel that's what the district court had done in granting our request to dismiss in order to allow an appeal, but we didn't use the term, this is a certification request under 1292. But by that time, the AAA had already closed the case, which had proved the point we were trying to make on appeal, that the plaintiff could not vindicate his rights in arbitration because of this cost-splitting issue that Coverall insisted on enforcing. So, at that point, we decided to go back to the district court and explain, look, this needs to be reopened because he needs under Tillman, under Wolden, he has to have someplace that he can pursue his claims, and then that was when the district court surprised us by saying, no, because the Ninth Circuit wouldn't take jurisdiction and the case was dismissed, I'm not going to reopen it, which was a surprise to us. Again, we thought that... Didn't he warn you before the first Ninth Circuit appeal that he was not going to reopen the case absent instructions from the circuit to do so? Well, I understood what he said was, I don't know whether this is appealable or not, you'll find out from the Ninth Circuit. So then we attempted the appeal, the Ninth Circuit said, no, we won't take the appeal. We didn't understand that a dismissal without prejudice was going to mean we would never be able to go back. That was just... Okay, your time is up. Okay, thank you, Your Honor. Good morning, Your Honors. May it please the Court. Your Honors, I want to touch on the jurisdictional issue we raised, but there's four quick points I'd like to make based on counsel's comments. First, this case has nothing at all to do with either Henson or Microsoft. In those cases, the plaintiff's claims were... If I recall in your papers, you were arguing a comment about a district court case, which was pretty much exactly how it came out the other way. Is that not right? I'm sorry, Your Honor, I'm having a very difficult time hearing you. Your briefs that you relied quite heavily on a district court case whose name I'm not now recalling, which was essentially the same as Henson, as the Henson district court case. Is that not true? We cited the, I believe Your Honor is talking about the Saavedra Eli Lilly case. It must have something to do with it. You were relying on it quite heavily. Well, Your Honor, the point is that in Henson and Microsoft and in Saavedra, the cases were dismissed with prejudice. That's not the case here. This is not about the plaintiff not having a forum. The plaintiff could refile the exact same lawsuit today. There's no bar in them doing this. This case has nothing to do with the John Mahomadi case or the Interactive Flight case. In that case, appellate jurisdiction existed, and this is what the court specifically stated. But it has to do with it in the sense that Henson set out a bunch of factors, and it's barely parallel here, and those factors were not applied here, and why don't we go back and have the district court do it? Because those factors have no applicability in this case, Your Honor, at all. The test that Phelps came up with and that Henson moved into the civil context didn't replace the standardized requirement that a plaintiff seeking relief under Rule 60B show extraordinary circumstances. The test that those cases put into place only come into play when there's been an intervening change in the law. That's what Phelps says. As I understand it, it is the law, as to the law. There were two Ninth Circuit cases in which the dismissal was without prejudice, and the district court in this case without prejudice, exact parallel situation, and the Ninth Circuit allowed the appeal to go forward. So whatever the general rule is about dismissals without prejudice, it seemed not to apply in this arbitration context because it was allowed under Bloomingdale's and the other cases, and I'm not remembering, Interactive, whatever. And so the only distinction between this case and that one, the district court here first granted a stay, and the plaintiff came back, not invoking Rule 41, but invoking the arbitration-specific line of cases and said, well, you know, you could dismiss it instead and that way we would appeal, and essentially that's what the district court said he was doing. He said, in light of the fact that the court may dismiss her stay claim subject to the arbitration agreement and plaintiff wishes to appeal, I'm now going to dismiss it, which I can do. So there was at least a pretty strong basis for thinking this was okay. Then you get to the Ninth Circuit, and the Ninth Circuit says, well, no, it isn't okay, and it doesn't really explain, and it is a law of the case, but it's certainly not a foregone conclusion that that was what was going to happen. Far from it, it seems to have taken a step away from this existing line of cases and said, well, I don't know what it said. Maybe it said because you asked for it rather than the district court generating it, therefore you can't appeal. Let's assume that's what it said. There was no case law before that saying that, and a pretty good guess within the line of arbitration cases that this would have been okay. So why isn't that at least a, if it's not a reversal as it was in Henson, it's at least a bit of a right jerk. I can point you on it. First, it's somewhat interesting that we're having a discussion about a change in the law and that the plaintiff takes the district court to task for not even citing the Microsoft case, because the plaintiff didn't cite the Microsoft case in the district court. In fact, in the district court, the plaintiff never even did it. Nobody bothered to tell us about the Henson case. I happened to be in the room. But nobody bothered to tell us about the Henson case either. I'm sorry, Your Honor. Nobody bothered to tell you about that? Neither of you bothered to tell us about the Henson case. No, Your Honor. The briefing, I believe, was complete here, Your Honor, when the Henson decision came out. No, it wasn't. It was not. The reply brief was with Dr. Henson. And besides which, you all filed 20 of 218 jail lists. It certainly was not brought to the attention of the district court by a plaintiff who never even argued the issue that there was a change in the law. Her argument was that there was a supposed change in the facts that warranted reopening the proceeding. Now, I know Your Honor, again, mentioned the John Mohammadi and Interactive Fight cases, but those cases have nothing to do with whether or not jurisdiction existed at the time. In those cases, just like in Green Tree, the courts had sent the merits of the parties' claims to arbitration to be resolved by an arbitrator. So just as in Green Tree, there was nothing left for the courts to do but execute judgment on whatever sort of award the arbitrator entered. That is not the case here. It's a far cry from this case. In this case, all that the court did was send the parties to an arbitrator to decide whether or not the arbitration agreements were enforceable. There was no decision sending the merits to arbitration. So there was obviously things left to do in the district court because the district court put into place an order that required the parties to come back in July of 2017 to report on whether or not the cases would in fact proceed in arbitration. There was no decision from this court or any federal court for that matter that has ever let a case be deemed final when the merits of arbitration claims have not been sent to be resolved because obviously there are things left to do. That's exactly the reasoning that the Supreme Court set forth in Green Tree when it held it had jurisdiction over an order that sent the merits of the parties' claims to arbitration. No Ninth Circuit decision supports what the plaintiff tried to do here, and we put that very clearly before the district court in our opposition to their motion to dismiss. It was the district court that did it. The district court thought it was a fine-nose case. In light of the fact that the court may dismiss or state claims subject to the arbitration agreement, I'm going to dismiss it because it asked me to. That is what the district court said, but there's no authority for granting appellate jurisdiction regardless of what the district court said when the merits of the claims have not been sent to arbitration. That's exactly what the Supreme Court said in Green Tree. That's exactly what we pointed out in our opposition to their motion to dismiss. The Federal Arbitration Act could not be any clearer. There are no interlocutory appeals from orders in favor of arbitration unless you invoke 28 U.S.C. 1292, which they did not. This court's opinion dismissing the first appeal for lack of jurisdiction could not be clearer. It did not cite the Microsoft case. It did not rely on any change in the law. It relied on two principles. In terms of the Federal Arbitration Act, which have been unaltered in substance since 1925, and the final judgment law, which this court has set forth very clearly in Contra v. London, involuntary dismissal without prejudice is not a final judgment that's appealable, and that's why I believe, with respect, this court doesn't even have jurisdiction to consider this appeal. I know I sent a letter in yesterday, and I regret nothing. Tell me why we don't have jurisdiction over the 6TB motion. Because there's no final order here that's being appealed from. It's a denial of the 6TB motion. The appealability of a rule 6TB motion depends on the appealability of the underlying order. You can't use a rule 6TB motion to convert a non-final order into a final appealable order. That's what this court held in the case. I would think we'd have jurisdiction over the 6TB motion.  It is not an independent basis for jurisdiction unless there's a final underlying order. In In re Mason, 709 of 2nd, 1313 of page 1315, this court held the finality correctly. The finality of rule 6TB orders derives from the finality of the underlying judgment on which such relief is sought. Here, the underlying judgment is not, there is no judgment. Here, the underlying voluntary dismissal without prejudice is obviously not final, because plaintiff can refile. If it was final, it would constitute a determination on the merits, and, like the plaintiffs in Henson and the plaintiffs in Microsoft, the plaintiff actually would be without a forum. This plaintiff has a forum any time they want to exercise their right to file in a forum. That's why Contra v. Lundgren could not be clearer. This is at page 1507. A voluntary dismissal without prejudice cannot be appealed because it is not adverse to the plaintiff's interests. The plaintiff is free to seek an adjudication of the same issue at another time in the same or another forum. And I submit, Your Honors, I see my time's almost up. That makes all the sense in the world, because as Contra points out, a motion to dismiss voluntarily without prejudice is no different than a notice of voluntary dismissal, and the law has settled that those are not appealed. Your Honors, if I can reply briefly. So first of all, the ALEC case that Kavral cited yesterday is a 1998 unpublished case, and under Circuit Rule 36-3, cannot be cited in this court. And as I stated, the more recent cases of Interactive and Bloomingdale's there, there was dismissals without prejudice in the court. It's not true that they can't be cited. It is true that we don't pay attention to them. Go ahead. Okay, thank you, Your Honor. What's your response to your opposing counsel's contention that those two cases are distinguishable, because even though they didn't resolve the merits, the substance of the claims, they disposed of the merits definitively by sending the merits to arbitration, and that that is the difference that tripped you up in this circuit appeal? I don't think any of the courts along the way stated that, and I don't really see any difference. The point is that we were compelled, the plaintiff was compelled to arbitration, and then he wasn't able to pursue the arbitration. You were compelled to arbitration on a threshold issue about the enforceability of the arbitration agreement, not with respect to the merits. If that arbitration was completed, the merits still were in front of the district court. Isn't that correct? Well, no, because if the arbitrator had said that he did have arbitration, then it would have continued in arbitration, but we weren't even able to do that arbitration. So here, unlike the other cases, we actually did the arbitration, or tried to do the arbitration, and learned that we couldn't do the arbitration. So there is no forum here for the plaintiff. Coverall says he can go back to court, but he can't, because they'll move to compel arbitration again. We'll try to go back to arbitration. The arbitration association will ask for money that our client can't afford, and we'll be back in the same situation all over again. I think what I wanted to say was that I think the larger issue in the Henson case, I think there's been a lot of focus on whether there's a change in the law. I think the change in the law, frankly, was this court's prior panel decision, which went against Interactive and Bloomingdale's, which we reasonably relied on in asking for the dismissal to get appellate jurisdiction. When this court said, no, that was the change in the law, if anything. So this court... Did you seek rehearing in the prior case, saying that they had departed from circuit precedent? At that point, we had not been able to pursue the arbitration, and so the obvious argument seemed to be to now go back to the district court, since it had been dismissed without prejudice, and say, you see, we said he wasn't going to be able to pursue arbitration, and now we tried, and we couldn't. So... Your answer is no to what Judge Collins asked. I'm trying to remember, actually, if we did. I don't... I don't believe we did. But, of course, a panel can't overrule a prior panel. Only an en banc court can overrule a prior panel. So, if the prior panel's decision, in this case, to be the change in law, which is what I say it is, because it goes against Interactive and Bloomingdale's, if this court were to remand to the district court to apply Henson, it could look at whether that change in law merits the same result as in Henson. It really, again, makes no sense that in Henson, there was the same calculated attempt by the plaintiffs to get to the appeals court. The case could be dismissed with prejudice. There's a big difference, of course, is that in Henson, there was a squarely on point case, saying they could do it. There was no chance of that being removed, even if the petition wasn't pending in Microsoft at the time. I believe that the Interactive case and the Bloomingdale's cases are squarely on point, and we relied on them. But I was going to say the larger issue behind Henson, I think, is not just whether there's a change in the law, but if plaintiffs attempt to obtain appellate jurisdiction but then are not able to, they should be able to go back to the district court, which is what we thought we were going to be able to do. It was a complete surprise that we wouldn't be able to go anywhere. Had this court taken jurisdiction last time and affirmed to the district court and held that the arbitration clause was reversible, then we would have been able to go back to the district court and say, OK, we tried to pursue arbitration, we weren't able to, so now please let us reopen this under the Solano case and the Voldon case in the Court of Appeals. It's bizarre that we can't even make the argument at all because the court didn't take jurisdiction. I think the larger point of Henson is that there's no reason to put plaintiffs in such a position. That's just utterly unfair. Fine. Your time is up. Thank you very much. Thank you.
judges: Berzon, Katzmann, Collins